UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RENODE COLLINS (#313898)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 10-373-JJB-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 12, 2011.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RENODE COLLINS (#313898)

VERSUS CIVIL ACTION

N. BURL CAIN, ET AL NUMBER 10-373-JJB-DLD

## MAGISTRATE JUDGE'S REPORT

Before the court is the application of petitioner Renode Collins for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### I. State Court Procedural History

Petitioner was found guilty of one count second degree murder in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, Louisiana on September 21, 2004. Petitioner was sentenced to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence.

The First Circuit Court of Appeal affirmed the petitioner's conviction and sentence. *State of Louisiana v. Renode Collins*, 2005-0667 (La. App. 1st Cir. 12/22/05), 920 So.2d 1003 (Table). Petitioner sought supervisory review by the Louisiana Supreme Court which denied review on June 23, 206. *State of Louisiana v. Renode Collins*, 2006-0200 (La. 6/23/06), 930 So.2d 974.

On August 7, 2006, the petitioner filed a motion for new trial which was denied by the trial court on August 23, 2006. Petitioner sought review by the Louisiana First Circuit Court of Appeal which denied review on October 30, 2006. *State of Louisiana v. Renode*

*Collins*, 2006-1867 (La. App. 1st Cir. 10/30/06) (unpublished opinion). Petitioner did not seek review by the Louisiana Supreme Court.[1]

Petitioner signed his application for post-conviction relief (PCRA) on April 28, 2008 and it was filed in the trial court on June 2, 2008. Petitioner amended the post-conviction relief application which was dismissed by the trial court as untimely. Following a hearing, the trial court denied the PCRA on October 7, 2008.

Petitioner appealed the judgment of the district court to the Louisiana First Circuit Court of Appeal. On February 26, 2009, the Louisiana First Circuit Court of Appeal dismissed the appeal on grounds that the denial of an application for post-conviction relief is not an appealable judgment. *State of Louisiana v. Renode Collins*, 2009-0171 (La. App. 1st Cir. 2/26/09) (unpublished opinion).

Petitioner sought review of his PCRA by the Louisiana First Circuit Court of Appeal on August 8, 2008. The Louisiana First Circuit Court of Appeal considered the claims raised in the original and amended PCRA and denied writs. *State of Louisiana v. Renode Collins*, 2008-2654 (La. App. 1st Cir. 4/3/09) (unpublished opinion).

Petitioner sought review by the Louisiana Supreme Court which was denied on March 5, 2010. *State ex rel. Renode Collins v. State of Louisiana,* 2009-0741 (La. 3/5/10), 28 So.3d 1009.

---

[1] Petitioner asserted that he sought review in the Louisiana Supreme Court on November 15, 2006, but that the writs were returned, unfiled, by the court on February 1, 2007, because the petitioner failed to include a copy of the lower court judgment. Petitioner was advised that he could resubmit the writ, but the lower court judgment must be included. Petitioner conceded that he did not resubmit the writ application to the Louisiana Supreme Court.

## II. Federal Habeas Corpus Application

Petitioner signed his federal habeas corpus application on April 1, 2010, it was mailed May 27, 2010, and it was filed on May 28, 2010.

Petitioner raised the following grounds for relief:

(1) actual innocence - supplemental crime lab reports showed no male DNA found under victim's fingernails;

(2) the prosecutor withheld *Brady* material;

(3) the prosecutor elicited false testimony;

(4) the State failed to provide the petitioner with a forensic DNA expert at trial; and,

(5) his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely.

## III. Applicable Law and Analysis

### A. Untimely Federal Habeas Corpus Application

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or

claim, is pending shall not be counted toward any period of limitation under this subsection. A state habeas application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000). These procedural laws and rules "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.*(footnote omitted). Such requirements are often "conditions to filing," as opposed to requirements such as procedural bars that are "conditions to obtaining relief." *Id.* at 10; 121 S.Ct. at 364. The court must look to state law to determine whether a state habeas application conforms to the state's procedural filing requirements. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009).

A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). An application ceases to be "pending" within the meaning of section 2244(d)(2) when the petitioner fails timely to file an application for a supervisory writ at the next level. *Id.* at 407. A state court's subsequent decision to allow review may toll the time relating directly to the application, but it does not change the fact that the application was not pending prior to the application. *Id.* After the appeal period has lapsed, an application ceases to be pending but a subsequent properly filed application entitles the petitioner to additional tolling beginning at the time of the "proper" filing. *Id.*

Petitioner's conviction became final on September 21, 2006.[2]  From the date his conviction became final until April 28, 2008 , the date the petitioner signed his PCRA, 583 days of the limitations period elapsed.

By the time the petitioner filed his state post-conviction relief application the time for filing a federal habeas corpus application had already expired.  Petitioner's federal habeas corpus application was not timely filed.

**B. Equitable Tolling**

There is no basis in the record for equitable tolling.  The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances."  *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000).  The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Coleman v. Johnson*, 184

---

[2]  For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2003) ("[A] conviction becomes final at the conclusion of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says finality occurs.").  Normally that time expires ninety days after the state court of last resort enters its judgment. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  But when the defendant concludes his state-court direct-appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires."  *Id*.  This federal rule applies even where state law provides that finality occurs on a different date.  *Compare* La. Code Crim. Proc. art. 922(B) (providing that the court of appeal's judgment becomes final under Louisiana law fourteen days after the rendition of judgment in all cases in which an application for a writ of review is not filed with the Louisiana Supreme Court), *and* La. Sup. Ct. R. X, § (5)(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."), *with Roberts*, 319 F.3d at 693 n. 15 (noting that the judgment of an intermediate court of appeals is not final under Texas law until the mandate has issued), *and id.* at 694-95 (rejecting the argument that the mandate-issuance date should determine finality under AEDPA).

F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005).

    Petitioner inferred, but did not specifically argue that his failure to satisfy the statute of limitations resulted from external factors beyond his control. Specifically, the petitioner asserted that he requested that prison officials make copies of the judgment issued by the First Circuit Court of Appeal in conjunction with his Motion for New Trial. Petitioner asserted that he filed writs to the Louisiana Supreme Court and advised the court that he would send a copy of the First Circuit Court of Appeal judgment when it became available. Petitioner asserted that when he did not receive the copy work, he filed an Administrative Remedy Procedure with prison officials. Petitioner asserted that when he did not receive a response to his administrative grievance, he filed a PCRA. Petitioner asserted that the Louisiana Supreme Court returned his writs, unfiled, because he did not supplement the writs with a copy of the First Circuit of Appeal judgment. Petitioner asserted that the Louisiana Supreme Court advised that he could resubmit the writ and he should include a copy of the First Circuit Court of Appeal judgment.

    A review of Administrative Remedy Procedure (ARP) No. LSP-2007-0510, filed in conjunction with a civil rights complaint filed by the plaintiff in CV 11-503-JJB-SCR showed that the plaintiff signed ARP LSP-2007-0510 on February 16, 2007, and it was received

6

by prison officials on February 21, 2007, almost three months after his writs were due in the Louisiana Supreme Court.[3] The ARP was placed on backlog until May 19, 2010, because the petitioner had other requests in the system. The First Step Response indicates that the petitioner's request for copies was not received by prison officials until November 27, 2006.[4] The copy request did not indicate a court deadline.[5] The copies were placed in farm mail to be returned to the petitioner on November 28, 2006.[6]

Petitioner had until November 29, 2006, to file writs to the Louisiana Supreme Court. Petitioner waited until just two days before the writs were due in the Louisiana Supreme Court to submit his copy request. Prison officials complied the following day, and before the petitioner's November 29, 2006 filing deadline.

According to the petitioner's administrative grievance, his writs to the Louisiana Supreme Court were returned on February 6, 2007.[7] When the writs were returned unfiled, the petitioner filed an administrative grievance. Petitioner knew that if he had multiple requests pending, the administrative grievance would be placed on backlog until all other administrative grievances already in the system were processed or withdrawn. 22 La. ADC Pt. I, § 352, F. 3 ( Multiple Requests. If an inmate submits multiple requests during the

---

[3] A court may take judicial notice of the record in prior related proceedings. *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206 (5th Cir. 1983). The court hereby takes judicial notice of the administrative record filed in CV 11-503-JJB-SCR, record document number 6.

[4] *Id.* at record document number 6-1, p. 3, 5.

[5] *Id.*

[6] *Id.*

[7] *Id.* at 7.

review of a previous request, they will be logged and set aside for handling at such time as the request currently in the system has been exhausted at the second step or until time limits to proceed from the first step to the second step have lapsed.)

Petitioner did not allege, nor is there any evidence in the record, that he attempted to get a duplicate copy of the judgment from the First Circuit Court of Appeal.

Petitioner's failure to satisfy the statute of limitations did not result from an external factor beyond his control. Rather, the delays were of the petitioner's own making and do not qualify for equitable tolling.

In summary, a review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petition of Renode Collins for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Signed in Baton Rouge, Louisiana, on October 12, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**